BOARDMAN, Chief Judge.
Appellant had been charged with the offense of breaking and entering with intent to commit a misdemeanor, to wit: petit larceny. He filed a motion to suppress which was denied by the trial court. Appellant then entered a plea of nolo contendere reserving the question of law raised in the motion to suppress. He was sentenced to serve three years in the state prison with credit for time spent in jail awaiting trial.
Appellant subsequently filed a motion to vacate and set aside the judgment and sentence pursuant to Fla.R.Crim.P. 3.850., Appellant alleged that he had desired a jury trial but agreed to forego it upon receiving assurances that he would not be incarcerated, that this court would reverse the trial court’s order denying his motion to suppress and that he would probably be placed on probation. This timely appeal followed from the order of the trial court denying the motion.
Upon consideration of the record we conclude that appellant should be allowed to withdraw his plea of nolo contendere for it clearly appears that both the prosecutor and defense counsel did give appellant certain assurances which caused him to enter his plea and waive his right to trial by jury. In addition appellant was not asked by the court during the colloquy whether he had been promised anything if he entered a nolo contendere plea. Therefore because we cannot ascertain with certainty that the plea was voluntarily, understandingly and knowingly entered and because of the inadequacy of the colloquy between the court and appellant we
REVERSE and REMAND.
GRIMES and OTT, JJ., concur.